MOORE *v.* MANUFACTURERS' NAT. BANK *et al.*

(*Supreme Court, General Term, Third Department.* March 15, 1892.)

APPEAL—DECISION—LAW OF THE CASE.
    Where, in an action for libel, the court of appeals decides that the publication in question is actionable, and the case goes back for a new trial, no question can be raised as to whether such publication is actionable.

Appeal from circuit court, Rensselaer county.

Action by Amasa R. Moore against the Manufacturers' National Bank of Troy and another. From a judgment for plaintiff, defendants appeal. Affirmed. For former report, see 4 N. Y. Supp. 378.

Argued before PUTNAM and HERRICK, JJ.

*Smith & Parmenter,* (*R. A. Parmenter,* of counsel,) for appellants. *Hale & Bulkeley,* (*Matthew Hale,* of counsel,) for respondent.

HERRICK, J. In the year 1883 the defendant and appellant the Manufacturers' National Bank of Troy, claiming that its cashier had misappropriated and embezzled the property and funds of the bank, brought an action on the cashier's bond against the surviving surety and the representatives of a deceased surety to recover the amount of the alleged defalcation. An agent of the representative of the deceased surety called at the bank, and there had an interview with the then cashier, the appellant Gleason, and requested him to furnish as particular and complete an account as he could, "so that we could see how we stood." In compliance with that request, the bank, by its cashier, prepared, or had prepared, and delivered to such agent of the sureties, a paper indorsed, "A partial statement in detail of the defalcation of A, B., late cashier of the Manufacturers' National Bank of Troy," which contained an itemized account, with dates and amounts constituting the claim. The account comprised a statement of alleged false charges made by the cashier in the accounts of depositors, items for drafts and securities of the bank abstracted, and, in addition, items amounting in the aggregate to $16.621.95 entered in the account as cash items drawn from the bank by collusion with

the teller, without the knowledge or authority of the officers of the bank. The alleged libel for which this action is brought is founded on the words, "by collusion with the teller," contained in the statement, and also the repetition of the same words contained in a bill of particulars furnished in the action by the bank against the sureties, on the demand of the attorney for the sureties. The plaintiff in this action was the teller of the bank during the time of the alleged defalcations by the cashier, and no question is made but that the words, "by collusion with the teller," contained in the statement delivered to the agent of the sureties and repeated in the bill of particulars, referred to the plaintiff.

The case has been before this court, (4 N. Y. Supp. 378,) and also to the court of appeals, (25 N. E. Rep. 1048;) and, whatever view this court might take of it as an original question, the court of appeals has determined that, as to the cashier, the publication was privileged, but that as to the teller "*prima facie* the publication was not privileged. The ordinary consequence follows that malice is presumed from the defamatory nature of the publication, and the defendants must rely for their defense upon a justification." Upon the former trial, no evidence was given to justify the publication. Upon the trial now under review, evidence in justification was presented by the defendants, the verdict of the jury was for the plaintiff, and, under the decision of the courts of appeals, the judgment founded upon that verdict must stand, unless the trial court erred in the reception or rejection of evidence or in its submission of the case to the jury. I have examined with some care the exceptions taken to the rulings of the court upon the evidence, and the exceptions taken to the charge of the court, and in them can find no sufficient reason to disturb the judgment. Judgment should be affirmed, with costs.

All concur.